IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILIP HASTINGS, No. B-77440, )
)
      Plaintiff, )
)
vs. ) Case No. 11-cv-0306-MJR
)
WARDEN LEE RYKER, )
DOCTOR FENAGLIO and )
WEXFORD, )
)
      Defendants. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Hastings, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 50 year sentence for murder. His sentence commenced on July 1, 2002. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

1

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Complaint</u>**

In Plaintiff's pro se complaint in this case, he alleges that on November 4, 2009, while awakening and rising out of bed, he fell from his bunk, landing on his back and injuring his right hand ring finger. Immediately thereafter, a sick call nurse gave him Tylenol and told Plaintiff she would notify a physician. According to the pleadings, Plaintiff underwent X-rays on November 9, 2009. Plaintiff states that on November 10, 2009, the facility went on lockdown, the duration of which is not evident from the pleadings. During this time, a nurse splinted Plaintiff's finger. Plaintiff made multiple requests for medical treatment, including an emergency grievance. Upon initial review of the X-rays, Defendant Fenaglio prescribed ibuprofen, physical therapy and hot soaks. Subsequently, Plaintiff visited the health care

facilities and requested the radiologist's opinion of the X-rays. According to Plaintiff, he was told the specialist stated that the finger bones were chipped, possibly in two places. At that point, Defendant Fenaglio prescribed pain killers and granted a low bunk permit to the Plaintiff.

On the same day, December 23, 2009, Plaintiff filed a grievance requesting an orthopedic surgeon. That request was denied, and subsequent grievances received a recommendation that the Plaintiff could discuss medication with medical staff whom he could request to see "for any issue at any time". Plaintiff's continuing requests for "an outside specialist" were denied.

Plaintiff asserts Eighth Amendment claims against Defendant Fenaglio for deliberate indifference to his medical needs. Plaintiff also asserts that Defendant Ryker (Warden of Lawrence) prevented him from obtaining timely or adequate medical care when he denied his grievances. Finally, Plaintiff names Wexford Health Source ("Wexford") as a defendant, but does not assert any specific claim against it.

**Discussion**

**Deliberate Indifference to Serious Medical Needs**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference

involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The Supreme Court, however, stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm…. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence … and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff has described a condition that meets several of the criteria described in *Gutierrez.* Plaintiff's fall resulted in immediate and visible symptoms of injury that caused him continuing pain and limitation of movement. These allegations suffice to meet the objective showing that Plaintiff had a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nor will an inmate's disagreement with a doctor's course of treatment state a constitutional claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements with medical personnel's judgments or techniques). A plaintiff inmate, however, need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly

inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")). The Seventh Circuit has also found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle*, 429 U.S. at 104 n.10).

**Defendant Fenaglio**

Plaintiff alleges that Defendant Fenaglio, the prison doctor, provided inadequate medical treatment, because Dr. Fenaglio's initial review of the diagnostics led him to conclude that no fracture had occurred. After a specialist reviewed the X-rays, one, or possibly, two bone chips were noted. Defendant Fenaglio gave Plaintiff pain killers and a low bunk permit. Plaintiff believes he did not receive appropriate medical treatment.

In this case, it appears that Plaintiff was taken immediately to a nurse after injuring himself. He was given ibuprofen until he could be examined by a physician. The intervening lockdown that may have delayed his physician consult does not raise a constitutional issue. A prison may be permitted some infringement on inmates' rights for reasons of institutional security. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). Thus, a policy to restrict doctors' visits during a lockdown, except in life-threatening situations, has been held not to violate the Eighth Amendment. *Lucien v. Godinez*, 814 F. Supp. 754, 757 (N.D. Ill. 1993); *see also Waring v. Meachum*, 175 F. Supp. 2d 230 (D. Conn. 2001) (failure to provide routine

medical care or special diet during lockdown did not state a constitutional violation). Any delay caused by the lockdown does not constitute a violation of Plaintiff's constitutional rights.

Plaintiff continued to receive a variety of treatments, including prescribed exercises, to alleviate the pain in his finger. None of this suggests deliberate indifference to Hasting's serious medical needs and, instead, suggests numerous medical personnel, including Defendant Fenaglio, responded to Plaintiff's complaints of pain with different types of treatment in an attempt to alleviate it. Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm [.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). Plaintiff's primary complaint seems to be that he has not been provided an orthopedic surgeon or outside specialist for further consultation. He is essentially second-guessing the treatment recommended by Defendant Fenaglio. This differs from a claim of deliberate indifference.

"[T]he Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Correspondingly, for Eighth Amendment purposes, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional

7

law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). In short, it is the not the Court's constitutional duty to referee disputes between Plaintiff and medical personnel at Lawrence Correctional Center about the appropriate course of medical treatment for his injury. Accordingly, Plaintiff's Eighth Amendment claims against Dr. Fenaglio will be dismissed with prejudice.

**Defendant Lee Ryker**

Plaintiff fails to state a claim against Defendant Ryker, the prison warden, for deliberate indifference to his medical needs. Warden Ryker had no direct role in the provision of medical care to Plaintiff; and, there is no supervisory liability in a § 1983 action. *Burks v. Raemisch*, 555 F.3d 592,596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). Plaintiff's direct communication to Warden Ryker by way of his emergency grievance does not change this basic rule or create any liability for Defendant Ryker's failure to personally remedy his problem. *Burks*, 555 F.3d at 595.

Plaintiff's contention that Defendant Ryker delayed his medical treatment by denying his grievances is also without merit. Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). For these reasons, the claims against Defendant Ryker shall be dismissed with prejudice.

**Defendant Wexford**

Plaintiff lists the prison's medical services provider, Wexford, as a Defendant in the caption of his complaint. However, the statement of claim does not include any allegations against Defendant Wexford. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, this claim shall be dismissed with prejudice.

**Pending Motions**

Because this action shall be dismissed, the pending motion (Doc. 9) is **DENIED AS MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice as to all Defendants.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED this 8 day of February, 2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge